IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| MATTHEW J. HILGEFORD )<br>)<br>)<br>Plaintiff(s), )<br>)<br>v. )<br>)<br>NATIONAL UNION FIRE INSURANCE )<br>COMPANY OF PITTSBURGH, PA. and )<br>AMERICAN INTERNATIONAL )<br>GROUP, INC. (AIG), )<br>)<br>)<br>Defendant(s), ) | Civil Action No. 3:08cv669 |

## PLAINTIFF'S ANSWERS TO DEFENDANT NATIONAL UNION'S REQUEST FOR ADMISSIONS

COMES NOW the plaintiff *pro se* Matthew J. Hilgeford pursuant to Federal Rule of Civil Procedure 36:

**PLAINTIFF'S ADMISSION #1**

Attached hereto and marked as Exhibit A is an authentic copy of attorney John B. Mann's letter to the Department of Veteran Affairs dated April 15, 2008, requesting Dr. Garcia's medical opinion as to whether you suffer from hemiplegia or paraplegia as defined by the Policy.

**ANSWER:**

While I am confident Dr. Garcia is a competent neurologist and is quite proficient in that capacity. Her deficiencies in her abilities to read and interpret a insurance contracts are apparent. An insurance contract is not medicine, and unlike an insurance contract medicine has great latitude and many variables.



EXHIBIT 1

## PLAINTIFF'S ADMISSION #2

Attached hereto and marked as Exhibit B is attorney John B. Mann's letter to you dated May 15, 2008 relating to you that in Dr. Garcia's opinion you do not have hemiplegia, which is complete paralysis.

**ANSWER:**

I believe what Dr. Garcia is speaking about is that I am not **totally** paralyzed. However, there is much medical debate over when a persons hemiparitic condition reaches a the stage of hemiplegia. This condition differs from doctor to doctor base on weakness associated with movement.

## PLAINTIFF'S ADMISSION #3

The letter attached hereto as Exhibit B accurately summarizes Dr. Garcia's medical opinion that you do not have hemiplegia.

**ANSWER:**

Dr. Garcia's summation is her own interpretation of my condition. It is not consistent with the definition by which I agreed and signed my contract for coverage under my insurance policy.

## PLAINTIFF'S ADMISSION #4

None of the documents contained in plaintiff's disclosure document production which was delivered to defense counsel on November 12, 2008, states that you suffer from the complete and irreversible paralysis of the upper and lower limbs of the same side of the body,

**ANSWER:**

I am a veteran and I use the Veterans Medical Administration Hospitals to treat my illnesses. I do not pay for that service and I do not have a say in the way they record, transcribe or treat their patients. If you want something written word for word I guess you will just have to go give out your money an pay some private doctor to write it for you

word for word, the way you want it. Furthermore, I couldn't even remember I even had a policy months after the cascading effect of the stroke stopped.

### PLAINTIFF'S ADMISSION #5

You are not aware of any medical records from any of your health care providers which states that you suffer from the complete and irreversible paralysis of the upper and lower limbs of the same side of your body.

**ANSWER:**

I do not have any other health care providers.

### PLAINTIFF'S ADMISSION #6

None of your health care providers has ever rendered an opinion stating that you suffer from the complete and irreversible paralysis of the upper and lower limbs of the same side of your body.

**ANSWER:**

I did not ask my health care provider to render such an opinion on my behalf. I did not interfere with their decision or evaluation of my condition. Nor did I influence the outcome in any way.

### PLAINTIFF'S ADMISSION #7

You do not suffer from hemiplegia as defined by the Policy.

**ANSWER:**

Yes, I do suffer from hemiplegia as defined by the Policy.

i.e. "Hemiplegia" means the complete and irreversible paralysis of the upper and lower Limbs of the same side of the body.

### PLAINTIFF'S ADMISSION #8

You do not suffer from paraplegia as defined by the Policy.

**ANSWER:**

No, I do not suffer from paraplegia as defined by the Policy.

## PLAINTIFF'S ADMISSION #9

You do not suffer from quadriplegia as defined by the Policy.

**ANSWER:**

No, I do not suffer from quadriplegia as defined by the Policy.

## PLAINTIFF'S ADMISSION #10

You do not have the complete and irreversible paralysis of the upper and lower limbs of the same side of your body.

**ANSWER:**

As describe in the Policy I have "hemiplegia" (which is defined by the Policy) i.e. "means the complete and irreversible paralysis of the upper and lower Limbs of the same side of your body."

## PLAINTIFF'S ADMISSION #11

You do not have the complete and irreversible paralysis of the entire arm of either of your arms.

**ANSWER:**

Argumentative and speculative. The question is asking two different questions on two different subject matters in one sentence. The wording of the sentence is not in proper form.

## PLAINTIFF'S ADMISSION #12

You do not have the complete and irreversible paralysis of the entire leg of either of your legs.

**ANSWER:**

Argumentative and speculative. The question is asking two different questions on two different subject matters in one sentence. The wording of the sentence is not in proper form.

**PLAINTIFF'S ADMISSION #13**

You do not suffer from the loss of both hands or feet as defined in the Policy.

**ANSWER:**

No, I do not suffer from the loss of both hands or feet as defined in the Policy.

**PLAINTIFF'S ADMISSION #14**

You do not suffer from the loss of one hand or one foot as defined in the Policy.

**ANSWER:**

No, I do not suffer from the loss of one hand or one foot as defined in the Policy.

**PLAINTIFF'S ADMISSION #15**

You do not suffer from the loss of loss of sight in both eyes as defined in the Policy.

**ANSWER:**

No, I do not suffer from the loss of loss of sight in both eyes as defined in the Policy.

**PLAINTIFF'S ADMISSION #16**

You are not permanently disabled as defined by the Policy.

**ANSWER:**

Yes, I am permanently disabled as defined by the Policy.

**PLAINTIFF'S ADMISSION #17**

You are not covered by any provision of the Policy.

**ANSWER:**

# CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of November 2008, I filed the forgoing with the Clerk of the Court in person. And hereby certify that I have mailed by United States Postal Service the documents to the following attorney(s) for the defendant.

Matthew J. Hilgeford
*Plaintiff Pro se*

Robert B. Delano, Jr.
Virginia Bar No. 20619
SANDS ANDERSON, MARKS & MILLER
801 East Main Street, Suite 1800
Richmond, Virginia 23219
    *Attorney for the defendant*
Mail to:
P.O. Box 1998
Richmond, Virginia 23218-1998


Matthew J. Hilgeford
5812 Christopher Lane
Richmond, Virginia 23226
    *Plaintiff pro se*