AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

__EASTERN__ DISTRICT OF __VIRGINIA__

Matthew J. Hilgeford,
v.
National Union Fire Insurance Company of Pittsburgh, PA and American International Group, Inc. (AIG)

**SUBPOENA IN A CIVIL CASE**
**CASE NUMBER: 3:08-cv-00669**

TO: Custodian of Records
MRI of Richmond
11525 Midlothian Turnpike, Ste. 103
Richmond, VA 23235

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

**See Attachment "A"**

| PLACE | DATE AND TIME |
|---|---|
| Sands Anderson Marks & Miller, 801 East Main Street, Suite 1800, P.O. Box 1998, Richmond, VA 23218-1998 | December 9, 2008 10:00 a.m. |

☐ YOU ARE COMMANDED permit inspection of the following premises at the date and time specified below.

| Place | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

ISSUING OFFICER SIGNATURE AND TITLE INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)
*[signature]* Attorney for Defendant

DATE
November 20th, 2008

ISSUING OFFICER'S NAME ADDRESS AND PHONE NUMBER
Robert B. Delano, Jr., Esquire, Sands Anderson Marks & Miller, 801 East Main Street, Suite 1800, P.O. Box 1998, Richmond, VA 23218-1998; (804) 648-1636

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT 6** (tabbies)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# ATTACHMENT A

The complete medical records and/or patient chart whether or not related to this action of:

**Individual:** Matthew J. Hilgeford
**DOB:**
**SSN:**

Such records should include, but not be limited to, pre-hospital care reports; inpatient hospital records; outpatient hospital records; emergency room records; reports; physical therapy records; notes, including office notes, progress notes and nurses' notes; laboratory reports; x-ray reports; radiology films*; testing documents, including test instruments, test results and interpretive data; billing records; health insurance records, including claim forms; memoranda; correspondence, including correspondence to and from any attorney; and any other recordations of data stored or preserved in any form or fashion, without exception and omitting nothing therefrom. This subpoena is ongoing in connection with this matter and will include any records, as mentioned in this attachment, subsequent to date of issuance. **The records should include all documents received by the subpoenaed entity, as well as all documents generated by the subpoenaed entity. Both sides of any duplexed documents should be included.**

\* **Please provide radiology films upon separate written request only.**

NOTICE TO PROVIDERS
A COPY OF THIS SUBPOENA DUCES TECUM HAS BEEN PROVIDED TO YOUR PATIENT OR YOUR PATIENT'S COUNSEL. YOU OR YOUR PATIENT HAVE THE RIGHT TO FILE A MOTION TO QUASH (OBJECT TO) THE ATTACHED SUBPOENA. IF YOU ELECT TO FILE A MOTION TO QUASH, YOU MUST FILE THE MOTION WITHIN FIFTEEN DAYS OF THE DATE OF THIS SUBPOENA.
YOU MUST NOT RESPOND TO THIS SUBPOENA UNTIL YOU HAVE RECEIVED WRITTEN CERTIFICATION FROM THE PARTY ON WHOSE BEHALF THE SUBPOENA WAS ISSUED THAT THE TIME FOR FILING A MOTION TO QUASH HAS ELAPSED AND THAT:
NO MOTION TO QUASH WAS FILED; OR
ANY MOTION TO QUASH HAS BEEN RESOLVED BY THE COURT OR THE ADMINISTRATIVE AGENCY AND THE DISCLOSURES SOUGHT ARE CONSISTENT WITH SUCH RESOLUTION.
IF YOU RECEIVE NOTICE THAT YOUR PATIENT HAS FILED A MOTION TO QUASH THIS SUBPOENA, OR IF YOU FILE A MOTION TO QUASH THIS SUBPOENA, YOU MUST SEND THE RECORDS ONLY TO THE CLERK OF THE COURT OR ADMINISTRATIVE AGENCY THAT ISSUED THE SUBPOENA OR IN WHICH THE ACTION IS PENDING AS SHOWN ON THE SUBPOENA USING THE FOLLOWING PROCEDURE:
PLACE THE RECORDS IN A SEALED ENVELOPE AND ATTACH TO THE SEALED ENVELOPE A COVER LETTER TO THE CLERK OF COURT OR ADMINISTRATIVE AGENCY WHICH STATES THAT CONFIDENTIAL HEALTH CARE RECORDS ARE ENCLOSED AND ARE TO BE HELD UNDER SEAL PENDING A RULING ON THE MOTION TO QUASH THE SUBPOENA. THE SEALED ENVELOPE AND THE COVER LETTER SHALL BE PLACED IN AN OUTER ENVELOPE OR PACKAGE FOR TRANSMITTAL TO THE COURT OR ADMINISTRATIVE AGENCY.

**Return Date & Time:** December 9, 2008, at 10:00 a.m.
**Place:** Sands, Anderson, Marks & Miller
Attn: Teresa A. Clark, Paralegal
801 East Main Street
Post Office Box 1998
Richmond, VA 23218-1998

**Telephone:** (804) 783-7221
**Facsimile:** (804) 783-7291

## CERTIFICATE

I, Robert B. Delano, Jr., hereby certify that on this 20th day of November, 2008, a true copy of the foregoing was mailed, first-class and postage prepaid, to:

Mr. Matthew Hilgeford
5812 Christopher Lane
Richmond, VA 23226
*Pro Se Plaintiff*

/s/ Robert B. Delano, Jr.